WALLACE, JUDGE:
This claim was bifurcated for hearing, and only the issue of liability was presented to the Court for determination.
Claimant seeks damages in the amount of $250,000.00 for personal injuries allegedly sustained due to respondent’s negligent maintenance of County Route 3/7 in the Laurel Campgrounds in Mingo County, West Virginia. On August 1, 1981, at approximately 9:15 p.m., claimant was a passenger in a van driven by Kenneth Mullins. As the van proceeded down Route 3/7, which is a dirt road, it came to a concrete bridge. The bridge was 22 feet 4 inches wide but the road on either side of the bridge is one lane. As the van travelled over the bridge, it struck a hole off the right-hand edge of the bridge, where part of the ground had eroded. Claimant struck the dashboard of the van, resulting in injury. She testified that she did not see the hole, that it was dark, and *215 that the hole was unmarked. The driver of the van, Kenneth Mullins, was not present to testify; however, claimant stated that he drove the van to the campground because he lived in the area and had been to the site on other occasions.
Bruce Collinsworth, superintendent of Laurel Lake, testified that the erosion had occurred two or three months prior to the incident. He had notified respondent of the damage. Jimmy Messer, an engineer with respondent, viewed the situation and determined that it was not a priority repair. He said this was because the road was not highly travelled, was posted for 10 m.p.h., and the erosion at the edge of the bridge was not in the traveled portion of the road. Mr. Collinsworth stated that he marked the hole by placing a one-ton rock before it on the bridge, but that the rock had been rolled off the bridge sometime during the afternoon of August 1, 1981.
.The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins vs. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947). In order for the respondent to be found liable, proof of actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action must be shown. Davis vs. Dept. of Highways, 11 Ct.Cl. 150 (1976). In this case it is clear that respondent had actual notice of the defect. However, Mr. Messer testified that highly travelled roads in the area had a greater priority for repairs than Route 3/7. The Court is aware of respondent’s need to allocate its resources and manpower on a priority basis, and notes that an attempt was made to mark the hole úntil repairs could be made. It is the opinion of the Court that claimant has not met the burden of proof necessary to establish liability, and disallows the claim.
Claim disallowed.